In the Matter of GEORGE T. MAHSHIE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 3, 1989

**APPEARANCES OF COUNSEL**

*David E. Brennan, Chief Attorney,* Office of Court Administration *(Paul J. Ginnelly* of counsel), for petitioner.

*R. J. & P. R. Shanahan (William F. Lynn* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this court on March 14, 1956. On September 16, 1988 a judgment was entered in the United States District Court for the Northern District of New York, convicting respondent upon his plea of guilty to one count of a six-count indictment. By his plea of guilty, respondent admitted that, for the purpose of obtaining permanent resident alien status for Haikel Abughoush, he conspired with Abughoush and Magdalena Rodriguez to conceal from the United States Immigration and Naturalization Service that the marriage between Abughoush and Rodriguez was a sham, and that he did "counsel and coach" his coconspirators to provide false information to the Immigration and Naturalization Service, all in violation of 18 USC § 371. Upon receipt on October 14, 1988 of a certified copy of the judgment of conviction, we determined that respondent was convicted of a serious crime and we suspended him from the practice of law (see, Judiciary Law § 90 [4] [f]).

Thereafter, the Grievance Committee of the Fifth Judicial District filed a petition dated November 1, 1988, which charged respondent with violations of the Code of Professional Responsibility. The petition originally contained two counts but the first count was subsequently withdrawn by the Committee.

The second count of the petition charges respondent with unethical conduct in drafting and filing a fraudulent notice of mechanic's lien, dated January 5, 1984, which falsely claimed that work, labor and services had been performed in 1983 and 1984 by M.P.R. Construction Corporation, Inc., which corporation had previously been dissolved by proclamation of the New York Department of State on March 31, 1982. It further charges that a law clerk who was employed in respondent's law office was directed by respondent to forge the signature of a former corporate officer on the notice of lien, and that respondent thereafter attested to the validity of the forged signature by affixing his own signature as a notary public.

Respondent admits the material allegations of the second count of the petition. He appeared before the court on December 6, 1988 and asserted that there are no significant issues of fact requiring a hearing. He urged the court to impose appropriate discipline based upon the record of the Federal criminal proceeding, the admitted allegations of the petition, and the

material submitted in mitigation. On consideration thereof, we find that respondent violated Canons 1 and 7 of the Code of Professional Responsibility. He engaged in illegal conduct involving moral turpitude (Code of Professional Responsibility DR 1-102 [A] [3]); he engaged in conduct involving dishonesty, fraud, deceit and misrepresentation (DR 1-102 [A] [4]); he engaged in conduct that is prejudicial to the administration of justice (DR 1-102 [A] [5]); and in representing a client he knowingly and unlawfully used false evidence (DR 7-102 [A] [4], [8]).

We conclude that respondent is guilty of serious professional misconduct and, accordingly, he should be disbarred.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and BOOMER, JJ., concur.

Order of disbarment entered.